UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** § <br> **Plaintiff,** § <br> § <br> **v.** § <br> § <br> **Channer, LLC, Jerome Davis, National** § Civil Case No.: 3:17-CV-546-L <br> **Debt Assistance, Plain Green LLC** § <br> **Defendants.** § <br> § <br> § <br> § | |

**Plaintiff's First Amended Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and can be served documents at the address of the undersigned below.

2. Channer, LLC is a Nevada Corporation with a defaulted, revoked, or permanently revoked charter according to the Secretary of State of Nevada, but regardless still operating Nevada corporation that is registered in New York State and can be served via registered agent, Silver Shield Service, Inc., 4590 Deodar St., Silver Springs, Nevada, 89429 or at 523 Main Street., ste 103 Buffalo, NY 14203.

3. Jerome Davis is the listed corporate officer according the the Nevada Secretary of State website, and can be served at PO Box 3540, Silver Springs, NV 89429 or 523 Main Street., ste 103 Buffalo, NY 14203.

4. National Debt Assistance aka US Investigative Services is a entity that claims to be operating from PO Box 17492, Virginia Beach, VA 23110.

1

5. Plain Green, LLC is a tribal lending entity owned by the Chippewa Cree tribe of the Rocky Boy's Indian Reservation, Montana and can be served at 93 Mack Road, ste 600, Box Elder, MT 59521.

6. John or Jane Does 1-5 are currently unknown persons or entities also liable for the calls in this case.

## Jurisdiction

7. Jurisdiction of this court arises as the acts happened and the contract was breached in this county.

8. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

## FACTUAL ALLEGATIONS

9. In 2017 through the present, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone.

10. These phone calls violated the TCPA in two ways, first by having a pre-recorded message that failed to have the mandated identification information such as the name of the calling entity, maintaining a written do not call policy, training agents on the do not call policy, identification of sellers and telemarketers, which violate 47 USC 227(c)(5) under the FCC's rule making authority in 47 CFR 64.1200(d) which entitles the Plaintiff to $1500 per call and second by the automated nature of them and by containing pre-recorded messages that were directed to the

Plaintiff's cell phone, which violates 47 USC 227(b) and additionally entitles the Plaintiff to an award of $1500 per call. In total, each call entitles the Plaintiff to recover $3,000 per call.

11. The calls were from an unknown/blocked caller ID and started with a pre-recorded message that stated: *"It is important you consult with the fraud invetigations unit at 844-589-6220. When calling back, please provide case number P D M 1 2 7 2 or press 1 to contact our office now"* The Plaintif pressed 1 and was connected with an agent that stated they were with US Investigative Services, but in reality, the Plaintiff believes the company's actual name is National Debt Assistance (hereafter USIS), and stated that the call was in relation to Megan Gordan.

12. The Plaintiff immediately recognized that just the call at this point violated the TCPA and the allegations of criminal activity and false or misleading representations in the call violated the FDCPA and Texas Finance Code 392 as well. Furthermore, given the nature of the call threatening criminal charges and fraud for a civil claim at best, the call could very well be a fraudulent attempt to scare and coerce consumers into paying debts that don't exist.

13. The FTC even has an entire webpage dedicated to the recent emergence of fake debt collectors and cites indications of a fake debt collector that *"refuses to give you a mailing address or phone number, or exerts high pressure to scare you into paying, such as threatening to have you arrested or to report you to a law enforcement agency"* .[1] In an attempt to identify the callers that were calling from a blocked number and were exerting high pressure scare tactics such as

---

[1] https://www.consumer.ftc.gov/articles/0258-fake-debt-collectors

3

threatening arrest and fraud charges, the Plaintiff claimed that Megan Gordan was his wife.

14. The representative of USIS asked if the Plaintiff had been notified by Miami Dade County by anything, a clear insinuation that there was a criminal investigation or proceeding afoot and claimed that Megan Gordan was being charged with Collateral check fraud and malicious intent to defraud a financial institution.

15. Additionally, the agent claimed that they were collecting on behalf of Plain Green Financial. The agent then claimed that they were going to move forward with litigation and the amount owed was $989.95 cents in 2012, but claimed the loans carried a 700% interest rate and claimed that the current amount owed was $2636.30 after 5 years. Simple math indicates this is a false or misleading representation as compounding $989 at 700% would just on a back of the envelope calculation result in a balance of roughly $7,000 in a single year, and significantly more over the past 5 years if the debt originated in 2012.

16. Furthermore, a debt in 2012 would be well past the statute of limitations to collect or bring charges for in 2017 in Florida and Texas on a civil or criminal level. The FTC again provides some guidance for consumer as they have an entire webpage dedicated to the topic of time barred debts and the agency notes: *"It is against the law for a collector to sue you or threaten to sue you on a time barred debt"*[2]

17. The agent stated that they had no information from Plain Green financial to substantiate the debt, a copy of the bad check, not even a phone number, address, webite, or email address. The agent stated that by making a payment they could

---

[2] https://www.consumer.ftc.gov/articles/0117-time-barred-debts

4

secure a *"stop order"* to keep it out of Miami Dade County to avoid *"possible consequences"* and *"legal reprecussions"* and repeated the claims of bringing claims for check fraud and malicious intent to defraud a financial institution.

18. Again in the interest in identifying the parties involved, the Plaintiff made a payment by credit card to the agent over the phone, as they were unable or unwilling to provide any other identifying information on the entity they were calling on behalf of. On May 30, 2017, the Plaintiff observed a charge on his credit card in the amount of $61.87 and the phone number of 855-854-8567 as a result of the call.

19. Additionally, the Plaintiff was sent an email from Channer LLC titled *"Channer LLC Payment Authorization Form"* which had the Plaintiff's name, address, and card information that the Plaintiff gave to the agent on the phone. Additionally, the form had the address of 523 Main Street, Ste 103, Buffalo, NY 14203 and the phone number of 855-854-8567.

20. The Plaintiff called and spoke with Channer's corporate officer Jerome Davis who stated that the debt collector's name was not US Investigative Services, but was really an entity named National Debt Assistance and gave the Plaintiff the same phone number of 844-589-6220 to reach the collection agency that Jerome stated he was processing payments on behalf of.

21. Jerome Davis is individually liable for the calls placed by or on behalf of Channer, LLC as he personally participated and authorized the calls to be made on behalf of Channer, LLC. Jerome knew that the illegal calls would be placed and sought to profit from coercing consumers to pay imaginary debts.

22. This indicate that at a minimum as a result of the initial call that Channer, LLC was paid as a result of the illegal call and statements made during the call and the call was by or on behalf of Channer, LLC.

23. Plain Green Financial, LLC is liable for the illegal debt collection attempts being performed for their benefit and the illegal telephone calls placed to the Plaintiff in this case. If not directly liable, they are vicariously liable under the agency principle of actual authority, apparent authority, and ratification. Plain Green Financial sold the debts in question to Channer, LLC and profits from the illegal debt collection activities of Channer, LLC. Plain Green is jointly and severally liable for all violations and damages in this lawsuit for actions performed by or on behalf of Channer, LLC.

24. Even if not directly liable, Channer, LLC is vicariously liable under the doctrine of ratification, actual authority, and apparent authority. Channer, LLC ratified the conduct of the illegal debt collection attempts by processing payments and accepting money that results from the illegal calls. Channer, LLC has a formal, written contract with the calling party and knows that they will make illegal calls to harass and intimidate conumers into paying.

25. At no time was Channer, LLC or their calling entity bonded with the state of Texas as debt collectors are supposed to be. This is a violation of the Texas Finance Code 392.

26. Channer LLC violated the FDCPA and Texas Finance Code 392 by making false or misleading representations likely to deceive an unsophisticated consumer by misrepresenting the amount of a debt.

27. Channer LLC violated the FDCPA and Texas Finance Code 392 by falsely representing that non payment of a debt would result in arrest or imprisonment.

28. Channer LLC violated the FDCPA and Texas Finance Code 392.301 by alleging that criminal charges would be filed for non-payment of a debt.

29. Channer LLC violated the FDCPA and Texas Finance code 392.301 by threatening to file suit on a time barred debt.

30. Channer LLC violated the FDCPA and Texas Finance Code 392 by using a name other than the true business name in an attempt to collect a debt.

31. Channer, LLC violated the FDCPA by threatening to sue the Plaintiff for a time barred debt.

## CAUSES OF ACTION:

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

32. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name, address, and phone number of the entity placing the phone calls. These actions violate 47 USC 227(b) and entitle the Plaintiff to $1500 per call in damages as these were willful actions.

34. The foregoing actions by the Defendants also constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message. These calls also violated 47 USC 227(c)(5)

## COUNT III

### Violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1681 et seq

35. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36. The foregoing actions by the Defendants constitute multiple breaches of the FDCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone and by making false or misleading representations and threats of legal action that can't legally be taken.

## COUNT IV

### Violations of the Texas Finance Code 392

37. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. The foregoing actions by the Defendants constitute multiple breaches of the Texas Finance Code 392 by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone and by making false, misleading, and threatening representations likely to deceive a consumer.

## PRAYER

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for violations of the TCPA.

C. Damages of $5,000 per violation of the Texas Finance Code 392

D. Punitive Damages of $100,000

E. Actual damages as determined by a judge/jury

F. Pre-judgment interest from the date of the phone calls.

G. Attorney's fees for bringing this action; and

H. Costs of bringing this action; and

I. For such other and further relief as the Court may deem just and proper

_____
Aaron Mulvey

518 N. Manus Dr.
Dallas Tx, 75224
214-946-2222
Aaron@Mulveylaw.net