IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:17-cv-546-L-BN |
| CHANNER LLC, JEROME DAVIS, and NATIONAL DEBT ASSISTANCE, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 24.

On September 19, 2017, the undersigned entered an order directing Plaintiff Craig Cunningham to effect service on Defendant National Debt Assistance by October 19, 2017, or show good cause in writing for the failure or inability to effect service. *See* Dkt. No. 25.

Plaintiff Craig Cunningham has now filed a Motion to Nonsuit National Debt Assistance. *See* Dkt. No. 26. Mr. Cunningham seeks to voluntarily dismiss Defendant National Debt Assistance, who remains unserved, without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Rule 41(a) provides:

(a) Voluntary Dismissal.

> (1) By the Plaintiff. (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a).

A proper Rule 41(a)(1)(A)(i) "'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)). "Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. Accordingly, the district court may not attach any conditions to the dismissal." *Id.* (citations and internal quotation marks omitted).

And the United States Court of Appeals for the Fifth Circuit "has determined that Rule 41(a)(1)(A)(i) means precisely what it says by stating that only the filing of

2

an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice. As such, only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i). An argument that a filing short of an answer or a motion for summary judgment joins the merits of the case, has consumed significant resources or effort, or is sufficiently equivalent to a motion for summary judgment, will not be heard." *Amerijet*, 785 F.3d at 973-74 (citations and internal quotation marks omitted).

National Debt Assistance has not yet been served, so it has not filed an answer or motion for summary judgment in this case. And neither has any other defendant.

The undersigned therefore concludes that Mr. Cunningham is entitled to voluntarily dismiss National Debt Assistance from this action without prejudice under Rule 41(a)(1)(A)(i).

**Recommendation**

The Court should grant Plaintiff's Motion to Nonsuit National Debt Assistance [Dkt. No. 26] and dismiss Defendant National Debt Assistance without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

3

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 12, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE